FITCH *against* WAITE.

An absent and absconding debtor, within the statute of foreign attachment, must be one, who lives out of the state, or who has departed from the state, or his usual abode, or who has so concealed himself in his house that he cannot be served with process, with intent to unlawfully delay or to defraud his creditors.

Therefore, where a debtor departed from *Lyme* in this state, his usual place of residence, and went to *Meriden* in this state, where he worked openly at his trade, in the capacity of a journeyman, for above three months, without taking any measures to conceal himself; it was held, that while in this situation, he was not, with respect to a creditor in *Lyme*, an absent and absconding debtor within the statute, although his friends and neighbours in *Lyme* did not know where he was, and his absence was a subject of conversation among them.

Whether a debtor has withdrawn himself from his creditors, with a view to elude process, and evade their demands, is a question of fact proper to be submitted to the jury.

In a process of foreign attachment, the precise period when the debt is attached, is the time of service.

A future liability, without a subsisting debt, is not the subject of this process.

Therefore, notes put into the hands of an attorney for collection, before he has received any money on them, cannot be attached.

This was a *scire-facias* in a process of foreign attachment, charging the defendant as the trustee and debtor of *John Avery,* an absent and absconding debtor of the plaintiff. The defendant pleaded, 1st, that he was not the trustee and debtor of *Avery ;* and 2ndly, that *Avery* was not an absent and absconding debtor. On these issues the cause was tried, at *Norwich, January* term, 1823, before *Brainard,* J.

In support of the first issue, the following facts were proved. On the 15th of *January,* 1819, *Avery* left with the defendant, as an attorney at law, for collection, two promissory notes ; and on the 12th of *February,* 1819, he left, for the same purpose, three other notes ; all payable to himself; two of them being against the plaintiff, and one, on which there was about 500 dollars due, against *Thomas Fitch,* the plaintiff's father. After these notes were deposited with the defendant, *Avery* requested the defendant to sign with him a note to *R. McCurdy* for 100 dollars, money lent, and told the defendant he might pay it out of the first moneys collected upon said notes; which the defendant accordingly did. In *March* following, the defendant put the two notes against the plaintiff, and the one against the plaintiff's father, in suit. On the 15th of *April,* 1819, the plaintiff commenced his process of foreign attachment, by a suit against *Avery,* leaving copies in service with the defendant and *Thomas Fitch.* At this time, no part of the notes had been collected ; nor had they been indorsed, or in any manner assigned or transferred to the defendant, except as above-mentioned ; nor was the defendant in any other manner indebted to *Avery.* On the 5th of *June,* 1819, one of the notes against the plaintiff, amounting to 24 dollars, 47 cents, was by him paid to the defendant. In *July,* 1819, the defendant, at *Avery's* request, having given to

an officer a receipt of property attached, *Avery*, in consideration of the liability so assumed by the defendant, and of his indebtedness to the defendant for fees, and about 50 dollars lent, after the copies were left, tranferred to the defendant, by a written assignment, the four other notes ; the defendant, at the same time, giving him a writing, promising to pay him whatever might remain of the avails of the notes, after discharging himself from such liability, and paying the money so due. Notice of this assignment was, shortly afterwards, given to *Thomas Fitch* and the plaintiff. About two years afterwards, and before the commencement of the present *scire-facias*, the defendant collected a part of the notes, amounting to a greater sum than that now demanded of him.

Upon the second issue the evidence was as follows. On the 6th of *January*, 1819, *Avery*, who was by trade a blacksmith, and had, for many years, lived in *Lyme*, sold his place there to *Thomas Fitch*, for the purpose of going into the western country, and was to receive payment in fifteen days, at the *Trenton* bank in *New-Jersey*. In consequence of some difficulty which arose between them, *Fitch* refused to pay *Avery* his money, as he had agreed to do ; and *Avery* continued to work in *Lyme*, as a journeyman blacksmith, until about the 1st of *March*, 1819, when he was missing from *Lyme*. His late neighbours in *Lyme*, and even his wife, did not know where he was; enquiry was made for him in vain, by the plaintiff and others ; and his absence was a subject of conversation in the neighbourhood. From the 19th of *March* to the 26th of *May*, he, in fact, worked, as a journeyman blacksmith, with *Titus Mix*, in *Meriden*, in this state, and was there openly at work, without taking any measures to conceal himself. In the latter part of *May*, 1819, he returned to *Lyme*, and continued to work there until the latter part of *July* following, when he finally removed out of the state.

The judge instructed the jury, upon the first issue, that the defendant was the trustee and debtor of *Avery*, within the meaning of the statute, and, as such, liable to the plaintiff; and upon the second issue, that *Avery* was an absent and absconding debtor, within the meaning of the statute. He, therefore, directed the jury to find both issues in favour of the plaintiff; which they accordingly did. The defendant moved for a new trial, on the ground of a misdirection.

*Waite*, in support of the motion, contended, 1. That an attorney, with whom notes, not indorsed or assigned, are left for

collection, and before the receipt of any money, is not liable in foreign attachment. A deposite of notes with an attorney for collection, gives him no interest in them. *Wentworth* v. *Whittemore*, 1 *Mass. Rep.* 471. *Sharp* & al. v. *Clark* & al. 2 *Mass. Rep.* 91. *Wilder* v. *Bailey* & al. 3 *Mass. Rep.* 289. *Pollard* v. *Ross* & al. 5 *Mass. Rep.* 319. *Chealy* & al. v. *Brewer* & al. 7 *Mass. Rep.* 259. *The Maine Fire and Marine Insurance Company* v. *Weeks* & al. 7 *Mass. Rep.* 438. *Perry* v. *Coates* & al. 9 *Mass. Rep.* 537. *Grant* & al. v. *Shaw*, 16 *Mass. Rep.* 341. *Brigden* v. *Gill* & al. 16 *Mass. Rep.* 522.

2. That if the defendant was not liable when the original process was served, he cannot be subjected on the *scire-facias*. *Hubbard* v. *Brown*, 1 *Root* 276. Most of the authorities above cited, support also this position.

3. That in this case, *Avery* was not an absconding debtor within the statute. He was openly and publickly working at his trade, in this state, without attempting any concealment, or taking any measures to avoid process. The circumstance that his friends and neighbours did not know where he was, is perfectly immaterial. *Hubbard* v. *Brown*, 1 *Root* 276. *Fowler* v. *Spelman*, 1 *Root* 295. *Woodbridge* v. *Winthrop*, 1 *Root* 557.

*Brainard*, contra, contended, 1. That the defendant, at the time the copy was left in service with him, was the trustee of *Avery*, with an interest, and so accountable that he could be rendered liable on this process. Our statute, which does not exactly follow the custom of *London*, or the laws of *Massachusetts*, places the attaching creditor in the room of the debtor, and compels the garnishee to account with him, in the same manner as with the debtor. The circumstance that the defendant, in this case, was an attorney at law, was adventitious and immaterial. The debt was secured, in any event, by issuing process against both the maker of the note and the present defendant; and the assignment from *Avery* to the present defendant will make the latter liable, or the statute may be easily defeated. *Enos* v. *Tuttle*, 3 *Conn. Rep.* 27. It is not necessary that the note should have become payable, at the time the copy is left in service; nor is the maker of it the only person, that can be subjected in foreign attachment, the holder of the note in trust being equally liable. The claim against the defendant was not, at the time of service, a contingent debt; but there was an express undertaking, on his part, to account. The cases cited, by the defendant's counsel, from *Mass. Rep.* were either

New-London,
July,
1823.

Fitch
*v.*
Waite.

controuled by the peculiar phraseology of the statutes of that state, or decided on grounds distinct from this case. The principal class of those cases is against officers; who were held not to be liable, because the money in their hands was in the custody of the law, and was not the goods or effects of the judgment creditor.

2. That *Avery* was an absent and absconding debtor within the statute. In the first place, it was too late for the defendant in the *scire-facias* to make the objection; but was proper ground of abatement or defence to the original suit. It was competent for the garnishee to defend his principal, in that stage of the process. *Minor* v. *Cook, Kirb.* 157. Secondly, the *intention* with which the debtor goes away, is matter of *fact*, with regard to which the finding of the jury is decisive. Thirdly, from the facts found, it appears, that *Avery* was an absent and absconding debtor. A man's going *out of the state*, is not the criterion, by which this question is to be decided. He may, in fact, go out of the state, and not be an absent and absconding debtor; as if an inhabitant of *Stonington* should go to *Westerly*, to get a note discounted. So, he may be an absent and absconding debtor, without going out of the state; as where he conceals himself, or avoids process. Now, *Avery* was as effectually concealed from the plaintiff and his other creditors, while he was in *Meriden*, as if he had fled to *Zoar*.

HOSMER, Ch. J. In this case, the judge charged the jury, that *Avery* was an absent and absconding debtor, and that the defendant was his agent, responsible to the plaintiff's demand. To review this opinion, is the object of the present motion.

Who is an absent and absconding debtor? He who lives without the state, or who has intentionally concealed himself from his creditors, or withdrawn himself from the reach of their suits, with intent to frustrate their just demands. Thus, if a person depart from his usual residence, or remain absent therefrom, or conceal himself in his house, so that he cannot be served with process, with intent unlawfully to delay, or defraud his creditors, he is an absconding debtor. But, if he depart from the state, or from his usual abode, with the intention of again returning, and without any fraudulent design, he has not absconded, nor absented himself within the intendment of the law. The act of foreign attachment was passed, " for the better preventing fraud and deceit, sometimes designed and practised, by ill-minded debtors, who betrust their goods and effects in the

hands of others, with intent to receive and secure the same to their own use ;" and like all other remedial statutes, it ought to be liberally and beneficially expounded. But where there has been no imagination of fraud, and the debtor has only removed from his permanent residence, to another town in the state, in an honest pursuit after property, there can be no well founded pretence, that he is within the law.

It appears, that *Avery* departed from *Lyme*, his usual place of residence, and was absent about three months, within which period, the foreign attachment in question was served. During all the aforesaid time, he was working as a journeyman blacksmith, openly and publicly, at *Meriden*, in the county of *New-Haven*, without resorting to any measures of concealment ; but this was unknown at *Lyme*, and his absence became the subject of conversation. Upon these facts, abstracted from any other testimony, (and no other was exhibited,) there is no ground on which an absconding from creditors, can be inferred. On this point, it is decisive, that whether *Avery* had intentionally withdrawn himself from his creditors, with a view to elude process, and evade their demands, is a question of fact, which should have been submitted to the jury. The judge might, with propriety, express an opinion upon the testimony ; but it was overleaping his jurisdiction, to direct the jury, to find their verdict for the plaintiff, as he did, on a subject, which was within their exclusive cognizance to determine. *Walden* v. *Walden*, 12 *Johns Rep.* 513. The opinion expressed by the judge, and the direction given by him to the jury, were both incorrect.

Whether the defendant was liable to the plaintiff, as being the debtor of *Avery*. since the statute has declared, (*p.* 63. ed. 1808.) " that debts due to an absent or absconding debtor, shall be considered as his effects, in the hands of the person, from whom the same are due," is the next question presented in this case. The enquiry is ; what debt was due, from the defendant to *Avery*, at the time the attachment was served ? The moment of service, is the precise period, when a debt is attached ; and if it be then existing, it is secured by the process ; but if it does not then exist, no lien is created ; as the operation of an attachment, from its nature, is immediate, and not prospective. A future liability is not attachable, for the conclusive reason, that it is not a debt due. *Townsend* & al. v. *Atwater* & al. 5 *Day* 298. Now, the defendant, at the service of the plaintiff's attachment, owed *Avery* nothing ; and whether he

ever would, was a mere contingency, dependent on the future collection of money, from some of his debtors. If *Avery* had brought a suit against the defendant for a debt, what would he have recovered? Nothing; because the defendant was, in no sense, his debtor, but was his creditor, for the advancements he had made. The creditor of the absconding debtor stands in his place; and has no claim, except the one existing in his debtor's favour.

It most probably was believed, by the plaintiff, that by his attachment, he obtained a lien on the notes put in the defendant's hands for collection. This idea, if entertained, is not countenanced by the statute, the provisions of which are very explicit; and is opposed to the well established doctrine, that choses in action, are not attachable, or subject to execution, because they are incapable of being sold. *Com. Dig. tit.* Execution. C. 4.

In conclusion, I am clearly of opinion, that the defendant was not the debtor of *Avery* ; that *Avery* was not an absconding debtor, within the intendment of the law ; and that the direction to the jury was unauthorised.

The other Judges were of the same opinion.

New trial to be granted.