## C. BUEL *versus* W. MILLER.

An executory agreement in writing, not under seal, may, before breach, be discharged and abandoned by a subsequent unwritten agreement, even in cases where the original contract to be binding is required by the statute of frauds to be in writing.

ASSUMPSIT on a contract in writing made the 12th August, 1825, in which, after reciting that there was a dispute between the parties about a certain line on the southerly side of said Buel's land, it was agreed that certain referees should settle the said contested line, and that the parties should make and execute quitclaim deeds, each to the other, in such manner as to carry into effect the decision of the referees, and that whichever of the parties should refuse to make and execute such deeds should forfeit and pay to the other, fifty dollars, as damages. And the alleged breach of the contract was, that the defendant had refused to give a quitclaim deed to carry into effect the award of the referees.

Upon the trial here at October term, 1826, on the general issue, it was agreed that the defendant made the contract, that the referees made an award, and that the defendant, being requested, refused to make a quitclaim deed to give effect to the award.

The defendant offered to prove that after the award was made and the line settled, it was agreed by parol between the parties, that no deed should be given. To the admission of this testimony the plaintiff objected because a contract relating to land could not be proved by parol evidence. As the original contract to be binding must be in writing, when once reduced to writing any contract to vary it must be considered as a contract relating to land, and to be valid must be in writing.

The court inclining to this opinion, rejected the evidence, and a verdict was taken for the plaintiff subject to the opinion of the court upon the above case.

*A. Edes*, for the defendant.

The statute of February 10, 1791, section 3, enacts " that no action shall be hereafter maintained upon any contract or sale of lands, &c. or any interest in or concerning them unless the agreement, &c. be in writing and signed by the parties to be charged," &c.

The contract offered in evidence in this case by the defendant, was not a contract or sale of lands, or of any interest in or concerning them within the meaning of this clause in the statute. It was a contract to abandon a prior agreement.

But admitting it to be an agreement within the meaning of the statute, it is not void. The statute only declares that no action shall be maintained upon it, but leaves it in force for every other purpose. 15 Mass. Rep. 92, *Davenport* v. *Mason*.

Phillips says, it appears to be generally understood that executory agreements in writing, not under seal, may, before breach, be discharged and abandoned by a subsequent unwritten agreement, as well in cases where the original contract is required by the statute of frauds to be in writing as where writing is unnecessary. Phillip's Evidence, 444.

*Newton*, for the plaintiff.

*By the court.* We have considered this case and are of opinion that executory agreements in writing, not under seal, may, before breach, be discharged and abandoned by a subsequent unwritten agreement, as well in cases where the original contract is required by the statute of frauds to be in writing, as where writing is unnecessary. The law is so laid down in Phillip's Ev. 444, and seems to be so settled by the cases he cites.

We are therefore of opinion that the verdict must be set aside and a new trial be had.