## The N. H. I. F. Company *versus* L. Platt and S. C. Gibb, his trustee.

G. gave to P. an obligation to deliver to the latter, the promissory note of a third person, for a certain sum within sixty days. Before the expiration of the sixty days, process of foreign attachment was served upon G., as the trustee of P., and G. had the note ready to deliver according to his contract,

25

on the day named in the obligation—it was held that G. could not be holden as the trustee of P.

IN this case the trustee appeared, and in answer to the interrogatories put to him by the plaintiffs, stated, that in the latter part of April, 1829, he gave to L. Platt, the principal, his obligation to deliver Platt a note to be signed by E. C. Parks, for $125, payable to him the said Gibb, on the 1st January, 1830, with interest; and that he was, by the said obligation, bound to deliver said note to said Platt, within six days from the date of the said obligation; that on the 1st May, 1829, the writ in this case was served upon him, at one of the clock in the afternoon, and that at six of the clock in the same afternoon he obtained a note signed by E. C. Parks and Company, for $125, and interest, payable in the manner stated in said obligation, and held said note ready, and should have delivered the same to Platt agreeably to the said obligation, and in season to discharge the same, had not the writ in this case been served upon him.

*Hinds*, for the plaintiff.

*By the court.* When the writ in this case was served, the trustee was bound to deliver to the principal, the promissory note of a third person, and this he would have done according to his obligation, if the writ in this case had not been served upon him.

We are of opinion, that the trustee had a right to retain the note until the question was settled, whether he could be charged as trustee in this case.

The question then is, whether Gibb can be charged as the trustee of Platt, the contract between them never having been broken?

The note which Gibb was bound to deliver, must be considered as a specific article, and if the trustee is charged, all he will be bound to do, is to deliver the note to the creditor according to the statute.

But what can the creditor do with the note? It is a mere chose in action, and can be neither seized nor sold upon an execution. 4 N. H. Rep. 200.

And we are of opinion, that it cannot be considered as goods, effects, rights or credits within the meaning of the statute. 9 Mass. Rep. 537, *Perry* v. *Coates* ; 7 ditto, 438 ; 4 ditto, 102, *Geyer* v. *Whitney* ; 4 Pick. 57, *Dickinson* v. *Strong* ; 5 ditto 28, *Andrews* v. *Ludlow*.