EDGAR S. TWEEDY vs. ALONZO M. BOGART AND OTHERS.

Fairfield Co., Oct. T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

Railroad bonds of a debtor, payable to bearer, are not attachable by process of foreign attachment in the hands of a third party holding the same.
And where certificates of stock of a foreign railroad corporation are so held, the stock cannot be reached by either foreign or domestic attachment.

[Argued November 9th, 1887—decided June 26th, 1888.]

ACTION for money had and received, with a garnishment of the Savings Bank of Danbury as having in its hands effects of the defendants; brought to the Superior Court in Fairfield County. The defendants filed a plea to the jurisdiction, which was sustained by the court (*Andrews, J.*), and the complaint dismissed. The plaintiff appealed. The case is fully stated in the opinion.

*S. Tweedy*, for the appellant, cited—1 Swift's Dig., 796; Drake on Attachment, § 244; *Upton* v. *Hubbard*, 28 Conn., 286; *Mower* v. *Stickney*, 5 Minn., 397, 404; *N. Eng. Marine Ins. Co.* v. *Chandler*, 16 Mass., 275, 280; *Sheldon* v. *Root*, 16 Pick., 567; *Mechanics' Building Asso.* v. *Conover*, 14 N. Jer. Eq., 219, 227; *Srodes* v. *Caven*, 3 Watts, 258; *Carty* v. *Fenstemaker*, 14 Ohio St., 457; *Holmes* v. *Nuncaster*, 12 Johns., 396; *State* v. *Lawson*, 7 Ark., 391; *Sheets* v. *Culver*, 14 Louis., 449; *Turner* v. *Fendall*, 1 Cranch, 117, 133.

*E. S. White*, for the appellees, cited—Drake on Attachment, §§ 481, 539; Jones on Pledges, §§ 372, 373; *Fitch* v. *Waite*, 5 Conn., 117; *Grosvenor* v. *Farmers & Mechanics*

*Bank*, 13 id., 104; *Winslow* v. *Fletcher*, 53 id., 390, 396.; *Badlam* v. *Tucker*, 1 Pick., 389; *Soule* v. *White*, 14 Maine, 436; *Hudson* v. *Hunt*, 5 N. Hamp., 538; *Briggs* v. *Walker*, 21 id., 72, 77.

PARDEE, J. On September 25th, 1882, the defendants, partners, residing in the state of New York, deposited with the Danbury Savings Bank in this state seventeen bonds of one thousand dollars each, issued by the East Tennessee, Virginia & Georgia Railroad Company, payable to bearer, and five first mortgage bonds of one thousand dollars each, issued by the Pittsburgh & Western Railroad Company, all payable to bearer; also two certificates for fifty shares each, of the stock of the New York, Lake Erie & Western Railroad Company; all as security for the repayment of the sum of twenty thousand dollars loaned by the savings bank to the defendants.

On the 14th day of May, 1884, the defendants, having become insolvent, made an assignment to a trustee in, and in accordance with the laws of, the state of New York. Of this both the plaintiff and the savings bank had notice prior to June 20th, 1884.

On the last named day the savings bank held, and still continues to hold, all of these bonds and shares as security for the unpaid portion of the loan; and on that day the market value of these was, and to the present time has continued to be, in excess of the indebtedness for which they were pledged.

On that day the plaintiff instituted this suit for the recovery of money and caused service of garnishment to be made upon the Danbury Savings Bank as having concealed in its possession the goods and estate of the defendants, and as being their trustee, agent and debtor.

On the same day the officer making service left a true and attested copy of the writ and complaint, with his doings indorsed thereon, with the treasurer of the savings bank, the defendants not having any agent or attorney in this state. On that day all of the defendants were residents of the state

of New York. No personal service of process was made on either of them.

· They appeared for the sole purpose of pleading to the jurisdiction. The court dismissed the cause for want of jurisdiction. The plaintiff appeals.

There being no personal service of process, the court could acquire jurisdiction only by the attachment of property. By our law this last can be effected, so far forth as personal property is concerned, in two ways. In one the officer making service takes the property into actual possession and holds it as the agent of the law for application upon a final judgment in favor of the plaintiff. In the other, when the effects of the defendant are concealed in the hands of his agent or trustee so that they cannot be found to be attached, or when a debt is due from any person to him, service of a copy upon such agent, trustee or debtor will effect the attachment of such property or debt.

The first form may be denominated the direct attachment. In this it is essential that the officer should take the property into his possession and continue to hold it to respond to any judgment which the plaintiff may obtain. It is of no avail to give either written or verbal notice thereof to the person holding the property if he is permitted to continue in possession.

As to the second, which may be called attachment by trustee process, it has been decided by this court that although a person may have in his possession a negotiable promissory note, not made by himself, indorsed in blank, the property of another, such evidence of indebtedness, such *chose in action*, cannot be attached by the trustee process as the property of that other, for the reason that the paper is not property, but only the evidence of a right to demand property, and that the money which it represents can only be sequestered by serving the trustee process upon the maker of the note. *Grosvenor* v. *Farmers & Mechanics Bank*, 13 Conn., 104.

The reasons there given for denying to a promissory note, even when payable to bearer, and therefore transferable by

delivery, the quality of property within the meaning of our statutes of attachment, are as follows :—" The serious, if not irreparable, injury which might result, either to the creditor or debtor, by adopting a rule which would subject negotiable paper, indorsed in blank, to the operation of the process of garnishment as being goods, and effects; the insuperable difficulties which would attend the sale of it on execution; the want of adequate means to ascertain its value, so that on a sale justice would be done to both parties in the execution; the inability to determine the equitable liens which may exist upon it, furnish sufficient reasons to withhold our sanction to the experiment now proposed to be made."

These reasons were given many years since. During the lapse of time private pecuniary corporations have greatly increased in number. Their obligations, payable to bearer, transferable by delivery as freely as is a bank note, are in untold millions and burden the market. The obligations of many of them are sufficiently well known to have a settled market value. But there are countless others whose obligations are not capable of accurate valuations at all times and places; many of them not so at any time or place. Of course a legal rule must be general and applicable to all. And the mass of negotiable notes of individuals, and of corporations of limited reputation, is at all times so great as to give force still to the objections urged by this court against the compulsory sale of these at public auction.

In the eye of the law that which is known in the market as a coupon bond of a railroad corporation, differs not from the promissory note of an individual payable to bearer. In each case the obligation of the maker and the rights of the holder are the same. The service of the trustee process upon the savings bank in this case was of no legal effect; therefore the court did not acquire jurisdiction.

It has been decided that the shares of the foreign railroad company which were pledged by the defendant to the savings bank could not be reached by either form of service. *Winslow* v. *Fletcher*, 53 Conn., 396.

There is no error in the judgment complained of.

In this opinion the other judges concurred; except CAR-PENTER, J., who dissented.