HENRY BUCKINGHAM *vs.* PHILO F. BARNUM, SHERIFF.

Under the statute (Rev. Stat., tit. 1, § 142,) which provides that " any party to a civil action may compel any adverse party to *testify as a witness* in his behalf, in the same manner and subject to the same rules as other witnesses," such adverse party may be compelled to *give his deposition* in the same manner as any other witness.

HABEAS CORPUS.   The case is sufficiently stated in the opinion.   Return held sufficient on demurrer, by *Park*, *J.*, and prisoner remanded ; motion in error by the prisoner.

*Seeley*, for plaintiff in error.

*T. E. Graves*, for defendant in error.

HINMAN, C. J.   This was a *habeas corpus*, the object of which was to try the legality of the imprisonment of the applicant, Henry Buckingham, for not appearing before Joseph Thompson Esq., a justice of the peace, to give his deposition, to be used before the superior court for Fairfield county, at its October session in 1861, in a case there pending between said Buckingham as plaintiff, and one Gager as defendant.   No question is made as to the regularity of the summons served upon him to give his deposition, nor as to the fact that his

place of residence, which was the place where he was summoned to appear for this purpose, was more than twenty miles from the place of trial.   But his only excuse for not appearing in compliance with the summons is, that he was the plaintiff in the cause in which his deposition was required, and he claims that on that account he was not liable or bound to give his deposition at the instance of the defendant in the suit.

By the statute of 1848, (Rev. Stat., tit. 1, secs. 141 and 142,) no person is disqualified as a witness in any civil suit or proceeding at law or in equity, by reason of his interest in the event of the suit as a party or otherwise, or by reason of his conviction of a crime, but such interest or conviction may be shown for the purpose of affecting his credit; and any party to a civil action or proceeding may compel any adverse party, or any person for whose immediate and adverse benefit such action or proceeding is instituted, prosecuted or defended, to testify as a witness in his behalf, in the same manner and subject to the same rules as other witnesses.   And by the 115th section of the statute in respect to civil actions, the deposition of any witness who lives out of the state, or more than twenty miles from the place of trial, is going to sea, or out of the state, &c., may be taken by any judge or justice of the peace, &c. ; and by the 117th section of the same statute, a magistrate authorized to take depositions is also authorized to summon any witness before him to take his deposition, when he is going out of the state, or lives more than twenty miles from the place of trial ; and if such witness shall refuse to appear he may be brought before the magistrate, and if he refuse to give his deposition may be committed to prison till he shall comply with the requirement to do so.

These provisions seem to be very full and ample for the purpose of compelling all witnesses to give depositions in the particular cases in which depositions may be taken and used on the trial of cases.   And we are clearly of opinion that within the provisions of the statutes first referred to Mr. Buckingham was a witness whose deposition might be taken at the instance of the defendant in the action in which he was the plaintiff.   We do not adopt the argument that there is any

distinction between testimony given on the trial itself, and testimony taken in the form of depositions. There appears to us to be no room for doubt that the witnesses *testify*, in the proper sense of the term, in both cases. We are of opinion therefore that there was no error in the judgment complained of, and it is affirmed.

In this opinion the other judges concurred.