<hr />

## DANIEL LILLIBRIDGE vs. THURSTON B. BARBER.

New London Co., May T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

In trespass to the person the place is immaterial, and an allegation that it was committed in one place does not preclude the plaintiff from proving that it was committed in another.

The only exception is where the defendant sets up a justification of his act by reason of the place where it was committed.

An assault was witnessed by two persons besides the parties. On the trial the plaintiff and these two testified to one state of facts and the defendant to an entirely different one. The judge instructed the jury that if all were equally credible the plaintiff had shown by a fair preponderance of evidence that he was assaulted as charged, and that if they should find that the plaintiff's testimony, with the corroboration of the other two, outweighed the substantially uncorroborated testimony of the defendant, their verdict should be for the plaintiff. Held that this instruction was reasonable in itself and did not take from the jury the determination of the question of fact.

[Argued May 31st—decided July 15th, 1887.]

ACTION for an assault; brought to the Superior Court in New London County, and tried to the jury before *Phelps, J.* Verdict for the plaintiff, and appeal by the defendant for error in the rulings and charge of the court. The case is sufficiently stated in the opinion.

*S. Lucas* and *A. A. Browning*, with whom was *S. A. Crandall*, for the appellant.

*F. T. Brown* and *W. A. Briscoe*, for the appellee.

PARDEE, J. The assault charged, alleged in the complaint, is as follows: " On April 19th, 1886, the defendant assaulted the plaintiff at said Norwich, upon land of the plaintiff known as the Morse farm, and violently seized the plaintiff around the body and threw him down upon the ground and stones with great force, and fell upon him and struck him upon the face and body."

Upon the trial the plaintiff offered evidence to prove one act of trespass only, and that it was committed upon his own land, near to the line separating that from the land of the defendant. The defendant offered evidence tending to prove that he committed no act of trespass; that the plaintiff trespassed upon his land and there threatened to assault him; that he ordered him to depart; that the plaintiff refused; that he gently removed him; that in so doing, without intention to injure him, he accidentally fell with the plaintiff; that whatever injury the latter received was by such accidental fall; and that if he assaulted the plaintiff at all, it was on his, the defendant's, land.

In argument the defendant claimed that the allegation of place in the complaint is material, and must be proven as made. The court charged as follows: " The place where the assault and battery were committed is immaterial, and that allegation is immaterial, especially where, as in this case, there seems to have been a dispute between the parties with respect to the title or boundary of the land or the right of the plaintiff to be on it. But aside from these considerations,

the general principle is that the place where an assault and battery is committed is immaterial, provided it is within the jurisdiction of the court, and that in this case is conceded."

To this the defendant objects, insisting that the plaintiff had located the assault upon his own land; that this allegation of place is material; that the proof must correspond; and that a trespass by the defendant upon his own land is entirely different from one upon the land of the plaintiff.

The objection is not well taken. An action for trespass to the person goes with the person injured; and may be brought wherever he can obtain jurisdiction over the defendant or his property. Place is not of the essence of such an action; indeed, it is quite immaterial. When one act only is complained of and a location is given to it, the plaintiff may himself safely prove that it was committed at another. This, unless the defendant pleads and offers evidence tending to prove that his act is justifiable because of the place where committed. Such evidence the plaintiff must overcome, either as to place or justification. The office of this complaint was to forewarn the defendant as to the charge in order that he might prepare his defence. If in the matter of locality it were to such a degree misleading as that the proof was a surprise to him, he could have found protection in a postponement of trial by the court and opportunity to prepare anew.

The plaintiff charged and claimed to have proved that the defendant assaulted him at a particular place. Without plea of justification, upon a simple denial of the truth of the charge, the latter introduced evidence tending to prove that if he committed any assault it was at another place. If the jury believed that in doing this he proved an unjustifiable assault at the latter place, this proof inures to the benefit of the plaintiff as effectively as if he had himself so charged and proven. The law regards the resulting truth; it does not concern itself as to the party introducing the evidence.

There were only two eye-witnesses to what occurred between the parties; these confirmed the truth of the allegations of the complaint. The defendant claimed that the

Lillibridge *v.* Barber.

testimony of others, not eye-witnesses, and proven circumstances corroborated him.

The court charged the jury upon this point as follows: "The plaintiff and Mr. and Mrs. Wheeler testify to one state of facts and the defendant to another entirely different. If these persons are all equally credible, the plaintiff has shown by a fair preponderance of proof that he was assaulted as claimed by him in the complaint. That is the question for you to weigh and determine; the credit to be given to each of the witnesses. If you find the plaintiff's testimony, with the corroboration of Mr. and Mrs. Wheeler, outweighs the substantially uncorroborated testimony of the defendant, your verdict should be for the plaintiff."

In this the defendant insists there is error, for the reason that the attention of the jury was thereby diverted from the question of fact and directed simply to that of the credibility of the witnesses. It should, he claims, have been "left to the jury, under all the circumstances of the case, to find what the fact was."

Precisely this is the effect of the quoted portion of the charge. The instruction is that if four witnesses had equal opportunity for seeing, equal accuracy in observation and memory, equal capacity and desire to tell the truth, the testimony of three must outweigh that of one. Of course it is best as a rule that judicial comment to the jury upon the testimony should concern quality rather than quantity. But in the case supposed it is permissible, in the exercise of judicial discretion, to call the attention of jurors to quantity. If upon seeing, hearing and weighing the witnesses it should so happen that the jurors believe that in all of the named qualities each witness is equal to each of the others, they must accept the agreeing testimony of three rather than the contrary testimony of one.

This rule controls the decisions of men in determining questions of fact for their own purposes; no contrary rule can be laid down for the guidance of a jury. Before it can operate upon the mind of a juror he must of necessity, under the instruction of the court, try each witness as in a crucible

and determine precisely what portion of his testimony is truth, to what degree he is credible, and must compare each with every other. This done the juror has discharged his whole duty. Neither was it error on the part of the court to speak of the testimony of the defendant as being substantially uncorroborated; it was judicial comment upon the legal effect of it.

No one of the assigned errors furnishes a reason for a new trial, and it is therefore denied.

In this opinion the other judges concurred, except PARK, C. J., and CARPENTER, J., who were of opinion that the court below erred in its instructions to the jury with regard to the preponderance of the testimony of the three witnesses for the plaintiff over the single witness for the defendant, regarding this as wholly a matter for the judgment of the jury.