Setchel *v.* Keigwin.

--- ‹•••› ---

## CHARLES F. SETCHEL AND ANOTHER, ADMINISTRATORS, *vs.* ELEANOR C. KEIGWIN.

New London Co., May T., 1889.  ANDREWS, C. J., CARPENTER, LOOMIS, TORRANCE and F. B. HALL, Js.

It is competent in all cases, and in some highly expedient, for the court not only to discuss the evidence but to express its opinion upon its weight, without however directing the jury how to find the facts; and this is a right necessarily limited only by its own discretion.

The account books of a deceased person in which the entries are in his own handwriting, are admissible in a suit to recover the amount of an account, as written entries of a deceased person, under Gen. Statutes, § 1094.

As a matter of law there is no presumption as to the correctness of such entries, nor as to the weight to be given them.   They may have much or little weight or no weight at all, as the triers shall determine in view of. all the evidence.

In a suit by the administrators of a deceased person upon an account for goods sold found upon the books of the decedent in his own handwriting, in which the defendant denied having had the articles charged, the judge, after stating the conflicting claims of the parties, said to the jury:—" After all, you will have to fall back upon the circumstances attending these transactions, and from the inferences that may reasonably be drawn from them arrive at your conclusion; remembering that the burden is upon the plaintiffs to prove their claim by a preponderance of evidence, and that in the absence of contradiction or explana-

tion, or of suspicion cast upon their accuracy by the books themselves
or from extraneous circumstances, entries of this sort, apparently made
in the ordinary course of business, are presumptively correct.   That
such a suspicion attaches to this account the defendant claims to have
shown, and it is for you to say from all the evidence submitted to you
whether the account is a just one."   Held that the jury could not have
understood, from the whole charge taken together, that as matter of
law there was a presumption in favor of the correctness of such writ-
ten entries, and that the instruction was not open to exception.

[Argued May 29th—decided September 9th, 1889.]

ACTION by the administrators of the estate of Denison P.
Coon to recover the amount of an account charged against
the defendant on the books of the intestate ; brought to the
Court of Common Pleas in New London County, and tried
to the jury before *Crump, J.*

Coon, the intestate, had kept a grocery store in Norwich,
where the defendant also resided, and after his death the
account was found by his administrators upon his books, in
his own handwriting, and a transcript of it in the same
handwriting on separate sheets of paper, the whole amount
charged being $116.27.   The administrators had no other
knowledge with regard to the matter, and two clerks who
had been in the employ of Coon testified that they never
knew that the account or any part of it stood upon his
books.   There were various circumstances tending to throw
suspicion upon the account, but it is not necessary to the
present purposes of the case that they be stated.

The defendant claimed, and offered evidence to prove,
that she was in the habit of paying for all groceries as they
were sold and delivered to her.   And she insisted that be-
cause this was her habit, and she had never been informed
by the decedent that she owed this account, she could not
have owed it, though admitting that she could not remem-
ber as to any individual item of the account.   The defend-
ant claimed on the trial that all the charges on the plaintiff's
book for the twelve years were put there wrongfully.   She
also claimed that the evidence adduced, and the circum-
stances of the case showed that Coon made up the account
fraudulently.

The court charged the jury as follows :—" The pleadings in this case present a very simple issue, and it is not necessary that I say more than a few words to you about it. The plaintiffs, as administrators, are suing for the balance of a book account against the defendant. The books of the decedent have been put in evidence, and will be submitted for your inspection in the jury room. They show a balance due of $116.27. The account covers a period from December 11, 1875, to September 12, 1887, and the entries are admittedly in the handwriting of Mr. Coon, and apparently made in the ordinary course of business. By our law this class of evidence, to wit, the books and memoranda of deceased persons, as the best, and often the only evidence that a case of this sort is susceptible of, are admissible. In the absence of the person who made the entries, the books are, to a certain extent, his voice speaking to you, but they are to be taken with caution as against positive evidence, and to be viewed in the light of all the surrounding circumstances. The plaintiffs also claim that these books are to an extent corroborated by a declaration made by Mr. Coon to his clerk, last winter, that he had a bill against the defendant.

" The defendant, on her part, testifies that she was a cash customer, that she did not know and never was informed that any bill against her existed, that none was ever presented to her, and that to the best of her belief she does not owe it. She does not, however, say that she recollects that she either did not have, or has paid for, the several items of the bill. It would be manifestly impossible for the best memory to recall these various items of an account running for twelve years, so that after all you will have to fall back upon the circumstances surrounding these transactions, and from the inferences that may reasonably be drawn from them arrive at your conclusion ; remembering that the burden is on the plaintiffs to prove their claim by a preponderance of evidence, and that in the absence of contradiction, explanation, or of some suspicion cast upon their accuracy by the books themselves, or from extraneous circumstances, entries of this sort, apparently made in the ordinary course

of business, are presumptively correct. That such a sus-
picion attaches to this account the defendant claims to have
shown, and it is for you to say, gentlemen, from all the evi-
dence submitted to you, whether the account is a just one
and remains unsatisfied or not, and accordingly frame your
verdict."

The jury returned a verdict for the plaintiffs for the full
amount of the account, and the defendant appealed, on the
ground of error in the charge.

*W. H. Shields,* for the appellant.

1. The finding shows that there was no evidence *when* the
book entries were made and that every witness first knew of
the account after the death of the deceased. The law con-
siders it a circumstance affording ground for credit to a
party's books that they have been made in the ordinary
course of business. 1 Greenl. Ev., § 117. What the plaint-
iffs in that regard failed to show in evidence, the judge
*twice* stated to the jury as a fact, namely, " that the book
account was apparently made in the ordinary course of busi-
ness." In so doing the judge stated a fact in support of the
plaintiffs' case and against the defendant, which the defend-
ant was powerless to repel.

2. The introduction of the book account was permitted
by Gen. Statutes, § 1094. At common law that evidence
was inadmissible. *Smith* v. *Vincent,* 15 Conn., 12. It was
the purpose of our legislature in permitting entries to be
used as evidence, that they should have no superadded
weight or force. The nature and infirmities of the party's
own book account were not changed by permitting it to be
evidence. The book account was still open to every obvious
consideration of weakness and unreliability that attached to
it before the statute was passed. Indeed, the original stat-
ute (Comp. of 1854, p. 94,) permitting the account to be
put in evidence, provided in express terms that the evidence
should be " subject in regard to weight and credit to the
rules under which the testimony of parties and other inter-
ested evidence is received." Moreover the defendant de·

nied the correctness of this account throughout the trial. The court should not, therefore, have instructed the jury as matter of law, that this book account was presumptively correct. It was a question of fact peculiarly for the jury to say whether this book account established the debt or not. Gen. Statutes, § 1101; 1 Swift's Dig., 799. The law, instead of presuming a book account to be correct and true, distinctly distrusts such evidence. Being the act of the party himself it is received with great caution, but still it may be seen and weighed by the jury. 1 Greenl. Ev., § 118. And again Judge SWIFT says: " Though the party is permitted to testify to support his own account, yet every possible controlling circumstance is required to give the account credit." 1 Swift's Dig., 752. But the judge went farther than that, for he put the burden of explaining the plaintiffs' books on the defendant, by saying that " in the absence of contradiction or explanation, etc., the books are presumptively correct." It was an explanation by the defendant that was intended by the court and understood by the jury, for an explanation by the plaintiff of his own books would never be expected to detract from their trustworthiness. There is no principle of law that requires a defendant to explain the plaintiff's acts.

3. The court, in instructing the jury that " the plaintiffs also claim that these books are to an extent corroborated by a declaration made by Mr. Coon to his clerk last winter, that he had a bill against the defendant," gave legal sanction to that claim. The law simply allows the entries and declarations of deceased persons to be put in evidence. The repetition of the entry and the repetition of the declaration by the deceased is in no sense a corroboration of them.

4. There was but one way that a person could speak to the jury concerning the case. That was in court, as a witness, and under oath. When the court told the jury that, " in the absence of the person who made the entries, the books are, to a certain extent, his voice speaking to you," the jury must have understood that the books had practically the support that would come from the deceased's oath

to them in court; especially as the court made no distinction as to evidence of books standing alone and books supported by the person's oath who made the entries.

*J. J. Desmond,* for the appellees.

ANDREWS, C. J. Each of the errors assigned in this case is a portion of the charge of the judge to the jury. It is claimed that each was improper and erroneous.

The charge consisted wholly of a discussion and comments upon the evidence which was before the jury. The account books of the plaintiffs' decedent had been laid in and were evidently in the presence of the judge and the jury at the time he was speaking. The case turned upon their correctness, and in reference to these books and to the evidence which had been offered by the parties the judge used the language which is complained of. "It is competent in all cases, and in some highly expedient, for the court not only to discuss but to express its opinion upon the weight of the evidence, without however directing the jury how to find the facts; and this is a right necessarily limited only by its own discretion." STORRS, J., in *First Baptist Church* v. *Rouse,* 21 Conn., 167.

All the expressions of the charge contained in the several assignments of error fall clearly within the rule so laid down by Judge STORRS, except the second one, which requires a somewhat more careful examination. It is that "in the absence of contradiction, explanation, or some suspicion cast upon their accuracy by the books themselves, or from extraneous circumstances, entries of this sort, made in the ordinary course of business, are presumptively correct." The account books of Mr. Coon had been put in evidence. The entries therein were in his handwriting. He was dead. They were admissible therefore, not because they were proved by the oath of the person who made them, but because they were the written entries of a deceased person and so admissible under section 1094 of the Gen. Statutes. If from the language quoted the court could have been un-

derstood by the jury as laying down a rule of law as to the weight to be given to entries of this sort, then it was clearly wrong. As matter of law there is no presumption as to the correctness of these entries, nor is there any presumption that they are incorrect. The statute makes the written entries of deceased persons admissible in evidence in certain cases, but does not fix any degree of weight to be given them. They may have much or little weight, or no weight at all, as the jury, or other trier, shall determine in view of all the circumstances. In the nature of things some entries would be much more likely to produce conviction than others, not as matter of law but as matter of fact. Entries made in regular books of account, in regular and consecutive order, apparently in a due and orderly course of business, with successive dates, intermingled with other entries which appeared fair, without interlineation, erasure or change, and when there were no extraneous circumstances to excite suspicion, would be entitled to much greater weight as evidence than entries in which none or few of these characteristics were present. Such entries might fairly be said to be presumptively correct; not because there is any rule of law to that effect, but because the enumerated circumstances would create that presumption. Precisely this is the effect of the quoted portion of the charge when read in connection with what precedes and follows it. Earlier in the charge the court had called the attention of the jury to the circumstances from which the plaintiffs claimed that the entries were corroborated, and also to those from which the defendant claimed that the entries were rendered suspicious, and then told them that, from all the circumstances surrounding the transaction and from the inferences reasonably to be drawn therefrom, they were to arrive at their conclusion. And this was substantially repeated later in the charge. Under this instruction of the court each juror must of necessity have determined for himself whether these corroborating circumstances existed or not. If they did exist then the presumption of which the court spoke would also exist. " This rule controls the decisions of men in de-

termining questions of fact for their own purposes : no contrary rule can be laid down for the guidance of a jury." *Lillibridge* v. *Barber*, 55 Conn., 369. See also *Fitch* v. *Waite*, 5 Conn., 122 ; *Dexter* v. *McCready*, 54 id., 171 ; *Comstock's Appeal from Commissioners*, 55 id., 214 ; *Rowell* v. *Fuller's Estate*, 59 Verm., 688 ; *Greenleaf* v. *Birth*, 9 Peters, 292.

We think the court could not have been misunderstood, and that there is no error.

In this opinion the other judges concurred, except CARPENTER, J., who dissented.