## PHEBE J. BANKS *vs.* THE CONNECTICUT RAILWAY AND LIGHTING COMPANY.

Third Judicial District, Bridgeport, April Term, 1906.

TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Inasmuch as any party to a civil action can now compel his adversary to testify like any other witness (General Statutes, § 710), and can also force him to produce written evidence in his possession by means of a *subpœna duces tecum*, it naturally follows that where one's adversary has a desired document in court, the court may, upon motion during the trial, order it to be produced.

Such compulsory production does not, however, place the document in the hands of the party calling for it, nor necessarily render it subject to his examination. Its effect is merely to put the document in the control of the court, leaving the question of its inspection, and of its admissibility as evidence, in whole or in part, for the court's future independent determination.

In an action to recover damages for personal injuries, the defendant's conductor, having testified as to the cause of the injury, stated upon cross-examination that he had made a written report of the accident to the company, and thereupon counsel for the plaintiff asked counsel for the defendant to produce it. Upon the latter's refusal the trial judge said he thought the defendant's counsel should supply it, and, after an exception, it was at once produced and handed to the plaintiff's counsel, who read it as evidence to the jury, without further objection or motion from the defendant. *Held* that while the language of the court must be construed as an order to produce rather than as a suggestion to counsel, it nevertheless could not fairly be treated as requiring anything more than a production of the report under the usual conditions and safeguards; especially as the defendant's counsel saw fit to raise no preliminary question after the production of the document and before its admission in evidence.

The defendant contended that the report was irrelevant. *Held* that any statement in it which contradicted the conductor's testimony on the trial was clearly relevant and admissible.

In calling the attention of the jury to the testimony of a young child who was on the car at the time of the accident about a year before but admitted that he had been told all about it by his mother the day before he testified, the trial judge alluded to the extreme liability of such a child to repeat what he had been told about a matter of the kind in question, but left it to the jury to say what weight, after all, should be given to his evidence. *Held*

Banks *v.* Connecticut Ry. & Lighting Co.

that in so doing the court did not exceed its privilege nor invade the jury's province.

It is competent in all cases, and in some highly expedient, for the court not only to discuss the evidence but to express its opinion upon its weight, without however directing the jury how to find the facts; and this is a right necessarily limited only by its own discretion.

Argued April 11th—decided June 5th, 1906.

ACTION to recover damages for personal injuries, brought to the Court of Common Pleas in Fairfield County and tried to the jury before *Curtis, J.;* verdict and judgment for the plaintiff, and appeal by the defendant for alleged errors in the rulings and charge of the court. *No error.*

*William T. Hincks,* and *Spotswood D. Bowers* of New York, for the appellant (defendant).

*John J. Walsh* and *John Keogh,* for the appellee (plaintiff).

PRENTICE, J. Two questions are presented by this appeal. One relates to the power of a court in the progress of a trial, upon the motion of one of the parties, to order the production, for use as evidence, of documents in court and in the hands of an opposing party or his counsel.

Formerly a party to an action at law could not be compelled by his opponent to testify. This long-recognized privilege has now, in most jurisdictions at least, been withdrawn by statute, with the result that parties have come under the same paramount duty to bear witness to the truth which is placed upon strangers to a litigation. We have such a statute. General Statutes, § 710. It provides that "any party to a civil action may compel any adverse party . . . to testify as a witness in his behalf, in the same manner and subject to the same rules as other witnesses."

The privilege which parties to actions at law enjoyed, before these statutes, of not being compellable by an opponent to testify, was one which was held to extend to docu-

ments in his possession. Since the statutes withdrawing this privilege, however, it has been held, and we think rightly and as the inevitable corollary of such withdrawal, that a party is now no more privileged to withhold from an adversary written evidence in his possession than oral evidence which he is able to contribute from his knowledge of facts. Wigm. on Ev. § 2219; *Bonesteel* v. *Lynde*, 8 How. Pr. (N. Y.) 226, 231; *People ex rel. Valiente* v. *Dyckman*, 24 id. 222, 224; *Murray* v. *Elston*, 23 N. J. Eq. 212; *Edison Electric Light Co.* v. *United States Electric Lighting Co.*, 45 Fed. Rep. 55. The result is, that upon trials of actions parties are placed upon the same footing as other persons in respect to their duty, when duly required, to become witnesses to the truth in whatsoever way the truth may be established through them, and to that end are subject to those processes and proceedings which are the recognized means of obtaining the benefit of evidence witnesses may have at their command. *Buckingham* v. *Barnum*, 30 Conn. 358.

The familiar process by which the production of documents in the hands of third persons is secured is the *subpœna duces tecum*. One upon whom such process is served is bound to produce the required document. The production thus compelled does not, however, signify a delivery of the papers into the hands of the party calling for their production or of his counsel, or a submission of them to his examination; neither does such a consequence necessarily follow. The production which the possessor of the papers is required to make consists of bringing them into court and putting them into its control. Having by this act complied with the order of production, the producer may ask the court to pass upon any claim of privilege, or to make a personal inspection of the document or documents to determine their relevancy or their relevant parts before their submission to counsel; and to make any proper order for the protection, in such submission, of the interests of the producer, as, for example, by withholding from the view of counsel any irrelevant matter which he ought not to be

permitted to examine.   The future of documents after they have, pursuant to an order of production, passed into the control of the court, is for its determination, and is a matter quite independent of the act of production which has been completed.

It follows from the present assimilation of the status of party witnesses to that of others, that this process of *subpœna duces tecum*, with the results indicated, is at the service of any party to an action against his adversary to procure the production to the court of documents in the latter's possession and claimed to be relevant upon the trial. This plaintiff could therefore have compelled the production of the paper now in question through the agency of such a process.

In the case of parties a situation unusual at least in the case of strangers is likely to be presented.   The desired document may be in court in the hands of party or counsel. Such was the situation upon the present trial.   It needs no argument to show that in such case the power to compel a production by a direct order of the court must be commensurate with the power to accomplish that result by the more circuitous means of a written command formally served by an officer.   It is clear, therefore, that a court may upon the trial of a cause, upon the motion of one of the parties, order his adversary or the latter's counsel to produce to the court, for such use in the progress of the trial as it may authorize, any document claimed to be relevant which is then in court and in the possession of the person to whom the order is addressed.

It now remains to bring to the test of these principles the action of the court which is complained of.   The suit was one to recover for personal injuries alleged to have been received by the plaintiff while she was riding upon one of the defendant's trolley cars, and as the result of its negligence.   The conductor was called as a witness for the defendant.   Having given a version of the affair differing materially from that testified to by the plaintiff and her witnesses, he was upon cross-examination asked if he

had not made a report to the company. He replied that
he had. Thereupon plaintiff's counsel turned to defend-
ant's and asked, " Will you let me have it ? " The answer
was, " No, sir." The court then said : " I think you
should supply it." Exception was then taken, the re-
port was produced, and offered in evidence by the plain-
tiff and read to the jury without further objection or
suggestion.

If the language of the court is to be construed as it ap-
parently should be, as an order and not as a suggestion to
counsel, the question next arises as to the scope of that
order. If it was an order to produce, it was, as we have
seen, one which it was in the power of the court to issue.
If, on the other hand, it is to be narrowly construed as an
order to forthwith hand the paper to counsel and in disre-
gard or denial of all right on the defendant's part to have
the court pass upon any proper matters, incidental or pre-
liminary to its presentation to counsel which it might be
desired to present, there was technical error. It is true
that plaintiff's counsel asked to have the paper. Never-
theless we should be quite unwarranted in assuming that
the order to supply it was one which was either intended
or understood to be intended as requiring anything more
than production under the usual conditions, and attended
by the usual safeguards of the defendant's rights and in-
terests. This is especially true since defendant's counsel
made no suggestion of a wish to interpose any incidental
or preliminary considerations, and were silent when it was
their duty to speak if they wished any other than the usual
course to be taken for their protection. Defendant's coun-
sel, while objecting to a production of the report, appar-
ently saw no occasion to assert other incidental claims on
behalf of their client's interest, and therefore contented
themselves with an exception to the order and a compli-
ance therewith in the way that orders of production are
usually complied with, to wit, by handing the report di-
rectly to counsel. In thus adopting the method of pro-
duction used, they must be held to have acted voluntarily

and to have waived any rights in that regard which they might have asserted had they seen occasion so to do.

The brief and arguments on behalf of the defendant discuss the question presented by this ruling of the court, upon the assumption that the power of a court to compel the production of a document upon a trial is set about by the same limitations as is the power to compel a disclosure of facts or the production of papers, etc., before trial, pursuant to our statute. General Statutes, § 732.

That assumption is a mistaken one. The right which the court exercised is one which arises from the inherent powers of courts in the ascertainment of truth in connection with the enabling statute (General Statutes, § 710) and its consequences.

Plaintiff's counsel, upon the other hand, have treated the underlying questions involved as those of relevancy and admissibility. There can be no question as to either the relevancy or admissibility of any statement upon any material fact made by the conductor in the report which was contradictory to his testimony upon the trial. The real question here presented, however, is not as to the admissibility of the contents, or of portions of the contents, of the report, upon the assumption that plaintiff's counsel had it in his possession to present to the jury, but as to his ability through the intervention of the court to obtain that possession for evidential use.

Upon the trial the defendant offered as a witness a boy then nine years of age and eight years of age at the time of the accident. The boy's mother also testified for the defendant, and both said that they were in the car at the time the plaintiff was hurt. Upon cross-examination the boy testified that he had talked the matter over with his mother the day before he went upon the stand, that she had then told him what happened at the time of the accident and what he saw, and that she had told him all about it. In his charge the court, in speaking of the testimony of this witness, used the following language : " You have also the testimony of the boy, and, of course, you

should give it such weight as in your judgment it is worth. Of course you should recall his youth, and the extreme liability of a child to repeat what he has heard, if he has been talked to about a matter of that kind. Further, the whole matter, the whole question as to what weight his testimony should receive, is in your hands, bearing in mind these observations I have made."

In thus calling the attention of the jury to considerations affecting the credibility of testimony which would have naturally occurred to any intelligent juryman, the court did not exceed its privilege or invade the jury's province. *Bradley* v. *Gorham*, 77 Conn. 211, 213, 58 Atl. 698 ; *First Baptist Church* v. *Rouse*, 21 Conn. 160, 167 ; *Setchel* v. *Keigwin*, 57 Conn. 473, 18 Atl. 594 ; *State* v. *Rome*, 64 Conn. 329, 30 Atl. 57 ; *Turner's Appeal*, 72 Conn. 305, 44 Atl. 310. "It is competent, in all cases, and in many highly expedient, for the court, not only to discuss, but to express its opinion upon, the weight of the evidence, without however, directing the jury how to find the facts ; and this is a right necessarily limited only by its own discretion." *First Baptist Church* v. *Rouse*, 21 Conn. 160, 167; *Setchel* v. *Keigwin*, 57 Conn. 473, 478, 18 Atl. 594.

There is no error.

In this opinion the other judges concurred.