# The Mercer Electric Manufacturing Company vs. The Connecticut Electric Manufacturing Company.

First Judicial District, Hartford, October Term, 1913.
Prentice, C. J., Thayer, Roraback, Wheeler and Beach, Js.

The defendant ordered a certain quantity of fuse plugs of the plaintiff, which the latter was to manufacture and ship as requested within one year, accompanying the order with a letter reciting some of the terms of the order and stating that it was upon the same terms "as per our conversation a few days ago." *Held* that the trial court correctly instructed the jury that the completed offer was made up of the terms stated in the order and letter, supplemented by those of the conversation, as these might be ascertained by the jury from the evidence.

The meaning or construction of a written offer or order and a letter accepting the same is for the court.

An offer is accepted when the letter of acceptance is duly mailed, even if the letter be not actually received; unless the offer prescribes, as it may, that the receipt of the letter is necessary to complete the contract.

The fact that some of the terms of an offer were stated in a conversation does not make the offer indefinite or uncertain, since it is capable of precise ascertainment.

An acceptance must meet the offer as made, and the manner and mode of acceptance may be prescribed in the offer. Accordingly, if the execution of a formal written contract embodying all of its terms is made by the offer a condition precedent to the creation of the contract, that condition must be complied with; but a mere suggestion in the offer that a contract should be prepared and forwarded does not make compliance therewith an essential condition precedent.

It is unnecessary for the trial judge to read to the jury the requests to charge; and especially so where the charge fully discusses all the questions of law which are of importance.

A compliance with requests to charge which are inapplicable to the case is nevertheless harmless if the real issue relied upon by the losing party is fully presented to the jury and is necessarily passed upon by them.

The burden of proving an affirmative defense, such as the abandonment of the contract alleged and relied upon by the plaintiff, or payment, rests upon the defendant.

Immaterial variances between pleading and proof cannot be held to

Mercer Electric Mfg. Co. *v*. Connecticut Electric Mfg. Co.

have prejudiced a losing party in the preparation and trial of his case.

The trial court may properly discuss the evidence in its charge, provided it fairly submits the issues of fact to the determination of the jury.

A verdict based on conflicting evidence which raises fair questions of fact for the jury, will not be set aside.

The judgment of the jury respecting damages, especially where one of the elements to be considered is at best a matter of estimate, ought not to be disturbed unless it is clearly and materially unjust.

A request for an extension of time for filing an appeal to this court may be allowed at the discretion of the trial judge, without notice to the adverse party and without granting him a hearing upon the request or motion. Ordinarily such notice and hearing are unnecessary.

The proper method of combining an appeal for errors arising on the trial, with an appeal previously taken from the denial of a motion to set aside a verdict, stated, and a form prescribed therefor.

Argued October 7th, 1913—decided March 5th, 1914.

ACTION to recover damages for the defendant's alleged breach of contract in refusing to receive electric fuse plugs which it had ordered the plaintiff to manufacture and deliver, brought to the Superior Court in Litchfield County and tried to the jury before *Greene, J.;* verdict and judgment for the plaintiff for $2,864, and appeal by the defendant. *No error.*

*Samuel A. Herman* and *Thomas F. Ryan,* for the appellant (defendant).

*John T. Hubbard* and *John H. Lancaster,* for the appellee (plaintiff).

WHEELER, J. The complaint sets forth that the plaintiff and defendant, on August 6th, 1908, entered into a written contract for the manufacture of one million fuse plugs, as ordered by the defendant within one year, which contract was evidenced by an order of July 30th and an acceptance of August 6th, 1908; that the plaintiff began such manufacture, and received cer-

tain orders from the defendant under this contract, but on October 22d, 1908, it cancelled the orders given under the contract, and refused to receive further goods; and that the plaintiff has been ready to carry out its part of the contract, but has been prevented by the defendant.

The defendant answered: (1) It denied that it entered into the contract, and alleged that the orders referred to in the complaint were of orders given independent of the contract, and in whose cancellation the plaintiff acquiesced. (2) It alleged an agreement between the parties to abandon the proposed written contract which it was agreed should be entered into when the order of July 30th was given, and that orders thereafter given should be upon certain stated terms which plaintiff broke, and therefore defendant cancelled these orders. (3) It alleged that the order of July 30th was tentative, and not to be effective unless the plaintiff entered into a written contract containing the terms of the contract as recited, and this the plaintiff failed to do. (4) It alleged payment in full settlement of all demands under the contract sued on. (5) It alleged a cancellation, in November, 1908, of any claim the plaintiff might have under the order of July 30th.

The appeal is predicated upon alleged errors in the instructions to the jury, and upon the refusal of the trial court to set aside the verdict.

The principal error in the instruction is alleged to have been in the construction placed upon Exhibits D, E and F. D was an order from the defendant to the plaintiff for the purchase of fuse plugs; E was a letter accompanying the order and reciting certain terms upon which the order was placed; F purported to be an acceptance of the order by the plaintiff. The letter, E, stated that the order was on the same terms "as per our conversation a few days ago."

The court instructed the jury that according to its recollection of the evidence there were no other communications between the parties at the time of the transaction evidenced by $D$ and $E$, and therefore their meaning was to be determined by the court. The court then instructed the jury that $D$ and $E$ were to be read together as one document, and comprised an offer to buy a certain quantity of plugs on the terms therein stated, and that a part of the terms of the offer were specified in $E$ and a part were included in the oral conversation referred to, but not detailed, in $E$. After specifying the terms of the offer as found in $D$ and $E$, the court directed the jury to ascertain from the evidence what terms were included in the conversation, and make these a part of the offer. In short, the instruction was that the completed offer was made up of the terms stated in $D$ and $E$, supplemented by those of the conversation.

This instruction was correct and adapted to the situation before the jury. The meaning of $D$ and $E$ was for the court to determine. *Jordan, Marsh & Co.* v. *Patterson*, 67 Conn. 473, 479, 35 Atl. 521. As we read the evidence, the court's recollection in the particular referred to was not at fault. The plaintiff, upon receipt of the offer, $D$, with the accompanying letter, $E$, replied by letter of August 3d notifying the defendant that it proposed accepting the defendant's offer of July 30th, and on August 6th wrote defendant Exhibit $F$, in which the plaintiff expressly says it accepts the offer of July 30th. The court instructed the jury that this constituted an acceptance if they found $F$ to have been duly mailed the defendant. There was no error in this. The construction of $F$ was for the court, and it placed upon it the only meaning of which it was susceptible. The mere fact that some of the terms of the offer were a part of a conversation did not make the offer indefinite

or uncertain. It was capable of precise ascertainment. An acceptance must meet the offer made, and the letter F did this. One of the terms of the offer was the privilege of increasing the order from one million to two million fuse plugs. We cannot agree with the defendant that the acceptance left this term open; we think it plainly covered it.

The defendant complains of the instruction that the mailing of Exhibit F was a sufficient acceptance of the offer which it purported to accept, even if not actually received by the defendant. This accords with the settled law. Clark on Contracts (2d Ed.) 31, 32, 38, 39, 40, 43, 44; *Averill* v. *Hedge*, 12 Conn. 424; *Abbott* v. *Shepard*, 48 N. H. 14. Further, the evidence was such as to compel a finding that the defendant did receive the letter of acceptance. Of course the manner and mode of acceptance may be specified in the offer, and the offer may provide that the contract shall be binding when acceptance is received. The offer in D and E was not of this character, it was unconditional.

The court correctly instructed the jury that the completed contract was made up of the offer and its acceptance, and the mailing of F completed the contract unless the making of a formal written contract embodying all its terms was a condition precedent to the execution of the contract; and that if the jury found the order of July 30th was delivered conditionally upon the plaintiff's making and delivering to the defendant a written contract, as such contract had not been delivered, the verdict should be for the defendant. In this connection the defendant complains of the court's comment that it did not find in D or E such a provision, and recalled no testimony of such agreement made at the time D and E were sent to the plaintiff. E contained this sentence: "We would also suggest that you forward us contract to cover these plugs in question so there will

be no misunderstanding in the future." Of this language the court said: "You will note that the language of the defendant is not adapted to convey the idea of a positive demand, but rather of a request." This was a correct interpretation. The provision sought was not in D or E, neither was it to be found in the testimony as of the time of the transaction evidenced by D and E. This defense of a conditional offer involved the decision of a controverted issue of fact, which the verdict shows the jury decided adversely to the defendant.

At the beginning of its charge the court read to the jury with approval a large number of the plaintiff's requests to charge. This was quite unnecessary, as the charge discussed fully all of the questions of law which were of importance. One of these requests was, that evidence of a tentative order ought not to receive weight when it contradicts the terms of the order. This had no application to the case, inasmuch as the court later on properly instructed the jury that there was nothing in the written order D and E making of it a tentative order; that such a term of the order, if found at all, must be found in the conversation referred to in the order, of which fact the jury were the judges.

The court also instructed the jury that it must find whether the plaintiff committed a breach of the contract, and if so, whether it was so material as to justify the defendant in refusing to carry out the contract. This too was correct.

Another request approved was that after a contract is entered into, the suggestion or request of one party that the terms be reduced to writing will not make the contract void if not complied with. This, too, had no application to the case; there was no evidence of such request or suggestion after the contract had been entered into; the evidence related to one claimed to have been made before the contract had been entered into.

The defendant was not harmed by either of these requests which we have denominated as inapplicable to the case; its defense of a conditional contract was fully presented to the jury and necessarily passed on by them.

Complaint is made of the charge that the second defense, that the proposed contract had by agreement of the parties been abandoned on August 15th, was a question of fact for the jury, with the burden of proving this defense on the defendant. The defense was an affirmative one, hence the charge was correct. Likewise, the charge that the payment pleaded was a question of fact for the jury, with the burden of proof on the defendant, was correct, for this also was an affirmative defense.

The defendant's claim that the court prevented the jury from finding for the defendant on each of these defenses is contradicted by the charge.

The plaintiff claimed that it began the manufacture of plugs under the order of July 30th, and that the defendant subsequently cancelled these orders. The defendant claimed the order of July 30th never became effective, and that the orders under which goods were manufactured were independent of it. It is the contention of the defendant that the distinction between orders given under the order of July 30th, and those given independent of it, was not clearly presented to the jury. We do not see any reasonable basis for this criticism. It is not claimed that there is a variance between the contract proven and that alleged, in that the contract alleged contains a provision that payments should be made twice a month, and contains no provision that the defendant has the liberty of increasing the number of plugs to be delivered to two million. The first provision does not appear in *D, E* and *F*, while the second does. These variances are immaterial; the defendant was not prejudiced by them in the preparation and trial of his case.

Other parts of the charge complained of relate to the court's discussion of the evidence; in no particular did it unfairly submit the issues of fact. *Setchel* v. *Keigwin*, 57 Conn. 473, 18 Atl. 594; *Banks* v. *Connecticut Ry. & Ltg. Co.*, 79 Conn. 116, 122, 64 Atl. 14.

We think the trial court was right in refusing to set aside the verdict. The defendant urges that there was no sufficient evidence of the contract alleged. On the contrary, the weight of evidence supports this contract, unless it be found that its making was conditional upon its commitment to writing. The finding of such a condition depended upon conflicting evidence. So too, the issues, whether there had been an abandonment, or a cancellation, or payment, depended upon conflicting testimony; each one presented a fair issue of fact for the jury.

Nor should the verdict be set aside because the damages are excessive. The rule of damages given the jury is not attacked. The criticism is directed to the point that the jury failed to include as an element of the cost of production an adequate sum for the time, care, trouble, risk, and responsibility attending the full execution of the contract. If the sum allowed by the jury for these was as small as the defendant claims, it would seem to have been an inadequate allowance. We, however, cannot say, upon a careful examination of the record, what the sum allowed was; at best it was a matter of estimate, and the judgment of the jury should not be disturbed unless clearly and materially unjust.

There is no error.

In this opinion the other judges concurred.

---

NOTE. The defendant duly appealed from the denial of its motion to set aside the verdict. General Statutes, § 805. After the filing of the finding, a second appeal for errors arising on the trial was filed, to which the plaintiff filed a plea in abatement because that appeal was not filed

in time, and the extension of time for filing it was allowed without notice to it.

These facts being agreed to, this court held the plea insufficient, and held that whether notice of, and a hearing upon, the motion for an extension of time should be given, was within the discretion of the court, and that ordinarily such notice or hearing was unnecessary.

The method of taking an appeal for errors arising on the trial, after an appeal has been taken from the denial of a motion to set aside the verdict, is so varied, that this court has approved the following form:—

(State title of cause.)

Plaintiff's (or Defendant's) Additional Appeal.

In the above-entitled cause the plaintiff (or defendant) appeals from the judgment of said court to the Supreme Court of Errors (state the time and place of holding it next succeeding the filing of this appeal) for the revision of errors which he claims to have occurred in the trial thereof, and joins this appeal to that heretofore filed in said cause on the —— day of ————, and for reasons of said appeal he assigns the following: (state the special errors complained of directly and distinctly).

He therefore prays for such relief as is provided by law in the premises.

A. B. by E. F. his attorney.

No bond other than that filed on the original appeal is required.