UNITED STATES v. ALUMINUM CO. OF AMERICA et al.

District Court, S. D. New York.

Jan. 6, 1939.

Walter L. Rice, Sp. Asst. to Atty. Gen., (John C. Herberg and F. Gwyn Harper, Jr., both of Washington, D. C., Norman A. Adler, of New York City, James S. Kemper, Jr., Ralph Andresen and Creighton R. Coleman, all of Washington, D. C., and Gareth M. Neville, of Washington, D. C., of counsel), for the United States.

Hughes, Richards, Hubbard & Ewing, of New York City, and Smith, Buchanan & Ingersoll, of Pittsburgh, Pa. (Charles E. Hughes, Jr., Leighton H. Surbeck, and William T. Gossett, all of New York City, William Watson Smith, Frank B. Ingersoll, and Leon E. Hickman, all of Pittsburgh, Pa., of counsel), for Aluminum Co. of America et al.

Milbank, Tweed & Hope, of New York City (Morris Hadley, Timothy N. Pfeiffer, and Edgar P. Baker, all of New York City, of counsel), for Aluminium Limited et al.

Baldwin, Todd & Young, of New York City (Roger Sherman Baldwin and Walter W. K. Bennett, both of New York City, and A. L. Nash, of Manitowoc, Wis., of counsel), for Aluminum Goods Mfg. Co.

Hughes, Richards, Hubbard & Ewing, of New York City (Charles E. Hughes, Jr., Leighton H. Surbeck, and William T. Gossett, all of New York City, and John H. Watson, Jr., and M. B. & H. H. Johnson, all of Cleveland, Ohio, of counsel), for Aluminum Manufactures, Inc.

CAFFEY, District Judge.

There are four subpœnas duces tecum marked as Exhibit 429 for identification. No question arises on those addressed to Alcoa, Arthur V. Davis and George R. Gibbons. They have made returns that they have no documents coming within the description of those subpœnas. The sole question presented is on the subpœna addressed to Robert E. Withers. At the time of the transactions described in the subpœna to him he was a vice-president and the treasurer of Alcoa.

The basis of the Government's claim of a right to inspect the documents brought in by Mr. Withers is Rule 34 of the new Rules of Civil Procedure in this court, 28 U.S.C.A. following section 723c. The parties have differed in argument to some extent upon the question of whether there is a right to inspect the documents in advance of a determination that they constitute or contain evidence material to one or more of the issues in this case.

We need not enter into any elaborate consideration of the point stated, because it is squarely covered by the language of the rule itself. It is there unambiguously prescribed that it is a condition precedent to the right of inspection by the party calling for the documents that they shall be, or shall embody, evidence that is material in the cause.

If it were necessary to find support for the interpretation I have adopted, I cannot read Federal Trade Commission v. American Tobacco Company, 264 U.S. 298, 44 S.Ct. 336, 68 L.Ed. 696, 32 A.L.R. 786, otherwise than as sustaining it. Indeed, based on that case, if the rule were construed as conferring a right to inspect immaterial documents, I should doubt its validity.

Mr. Justice Cardozo, when Chief Judge of the Court of Appeals of this State, so held also in People ex rel. Lemon v. Supreme Court, 245 N.Y. 24, 156 N.E. 84, 85, 52 A.L.R. 200. He there dealt with a statutory provision, if anything, somewhat more extensive in the liberality of awarding inspection than is afforded by the words of Rule 34. Yet he went so far as to say, "Documents to be subject to inspection must be evidence themselves." In Rule 34 it is provided that documents may be inspected if they contain evidence which is material. There is no difference in substance, however, between the rule and what Mr. Justice Cardozo held as to the necessity, as a condition precedent to the existence of a right of inspection, that the documents shall contain or be evidence material in the cause in which they are produced.

In order to assure myself of the contentions of counsel in the argument here day before yesterday, I have re-read the minutes. Possibly what counsel for the Government urged may be taken as not including an insistence that there is no occasion to establish materiality. As I understood his argument when I listened to it, and as I understand it after re-reading it in the minutes, however, it is impossible to regard his position as other than that the question of materiality is determinable by

mere examination of the face of the subpoena. For this see the minutes at pages 8677, 8678, 8706, 8707, 8712–8714 and 8732–8734.

■■ I feel that there is no warrant whatsoever for any such method of determination, after documents are produced, as to whether they may be inspected by the party calling for them. On the contrary, of necessity the function of determining whether they are material belongs to the trial judge; he cannot with justice, or in accordance with law, escape the responsibility of deciding whether the documents constitute or contain evidence material to the cause. Moreover, this view is sustained by the authorities. It is sustained by Capital Company v. Fox, 2 Cir., 85 F.2d 97, 106 A.L.R. 376, which was decided by the Circuit Court of Appeals of this Circuit and of course binds me. It is also sustained by an opinion written by Judge Lacombe when sitting in this court. As I have indicated to you before I revere him as a judge. What he held on the subject is to be found in Edison Electric Light Co. v. United States Electric Lighting Co., C.C., 44 F. 294. A good expression to the same effect is in Banks v. Connecticut Railway & Lighting Co., 79 Conn. 116, 64 A. 14.

■ I conclude, therefore, that it is essential that I examine every document before determining, and that by such examination I determine, whether it may properly be inspected by the Government.

■ Mr. Withers has brought into court, and there have been delivered into my hands and I have examined, 87 documents. For the purpose of convenience of reference I have marked these, in the precise order in which they were handed to me, with the numbers 1 to 87. In fact there are somewhat more than 87 documents, because in several instances two or more papers are pinned together and counted as a single document.

Of the documents examined, 59 contained nothing whatsoever which would contribute anything toward a solution of the issues in this case. They are wholly irrelevant. As to the remaining 28 I am inclined to think that they are, or contain, matter which is material as evidence in this case. I shall give you the numbers. I shall then permit counsel for the defendants to re-examine the documents. If he have any contention as to any particular document I will hear him further in regard to it. If, after looking over the 28 which I shall designate, he has no suggestion, then those 28 will be submitted to the inspection of the Government under an arrangement which counsel may make between themselves or, if they do not agree, which I will prescribe. There are three documents, which I shall identify, only parts of which contain anything material to this case.

The 28 documents are numbered 2 to 19, 30, 32, 37, 55, 68, 69, 70, 71, 74 and 87.

Only parts of Nos. 32, 74 and 87 contain anything material to this case. If the defendants so desire, as to them I will arrange a method by which only the parts which I deem to contain evidence material to the case can be seen by the Government's counsel.

In so far, therefore, as the 59 documents are concerned, the motion of the Government will be denied. These documents will be returned to counsel for the defendants, to be retained by him, for production on the call of the court, under the arrangement stated in argument day before yesterday.

Subject to further hearing counsel for the defendants after he goes over the documents and expresses his wishes with respect to the extracts which I have mentioned, the motion will be granted as to the 28 documents.