**UNITED MERCANTILE AGENCIES v. SILVER FLEET MOTOR EXPRESS, Inc.**

No. 162.

District Court, W. D. Kentucky.

May 14, 1941.

Peter, Heyburn, Marshall & Wyatt, of Louisville, Ky., for plaintiff.

Woodward, Dawson & Hobson, of Louisville, Ky., for defendant.

MILLER, District Judge.

This action is submitted upon the defendant's motion to dismiss the complaint and upon the plaintiff's motion for an order requiring the defendant to permit the plaintiff to examine certain records of the defendant company.

The plaintiff seeks to recover for services rendered to the defendant pursuant to a written contract in the form of a letter addressed by the defendant to the plaintiff and accepted by the plaintiff. The services consisted in effecting economies and increasing profits in the operation of the defendant's business through recommendations made by the plaintiff and accepted and adopted by the defendant. The contract contained the following provisions: "The economies or increased profits effected are to be confirmed by letter to us. These letters will be the basis for our compensation. However, any recommendations made by us and adopted by you are to be paid for as herein set forth. We are to be paid each week one-third of the agreed savings and/or increased profit resulting from our approved recommendation. All recommendations approved during the life of this agreement are to carry the same rate of compensation for fifteen months."

The petition alleges that the defendant paid $978.97 to the plaintiff for the recommendations approved, adopted and confirmed to the plaintiff by letter from the defendant, but that the defendant has not paid any compensation for the recommendations adopted and put into effect by the defendant but not confirmed by letter from the defendant. Defendant's motion to dismiss is based upon the contention that it was only obligated to pay for such recommendations as were confirmed to the plaintiff by letter, and that there was no obli-

gation to pay for recommendations not so confirmed. This construction of the contract takes into consideration only the first two sentences of the portion of the contract quoted above, and is incorrect. The contract provides that the "economies or increased profits effected" are to be confirmed by letter; it does not say that the recommendations are to be confirmed by letter. Those sentences are immediately followed by the express statement that *any* recommendations made by the plaintiff and *adopted* by the defendant were to be paid for. Construing the contract as a whole I am of the opinion that it was the plain intention of the parties that *all* recommendations made by the plaintiff and approved and adopted by the defendant were to be paid for at the specified rate, and that it was not necessary that they be approved by letter. The confirmation by letter dealt solely with the way in which the amount due the plaintiff by reason of the economies or increased profits resulting from the adopted recommendations was to be determined and settled and was for the purpose of advising the plaintiff from time to time of the amount it was entitled to without it being necessary for the plaintiff to employ an auditor to ascertain such amounts. In the absence of fraud or misrepresentation the acceptance by the plaintiff of these statements from the defendant settled the amounts due to the plaintiff for the particular recommendations involved. It was not a settlement of the amount due from other recommendations used by the defendant but which were not included in the statements rendered. It would be a most unusual construction of the contract to hold that the defendant could avoid payment under his contract obligation by merely refusing to send in a letter showing its computation of what it owed. If it failed or refused to send such a calculation for examination and acceptance by the plaintiff, the plaintiff certainly has the right to take other means to ascertain the facts and compel payment for the recommendations used but not accounted for. Defendant's motion to dismiss the petition is overruled.

Defendant has also filed an answer by which it pleads in Paragraph 3 that the plaintiff corporation had authority under its charter to carry on the business of collecting money for other people and conducting a mercantile agency and that it was not authorized to engage in the business of furnishing management or efficiency advice. It is contended that the contract sued on was ultra vires on the part of the defendant, and therefore void. The plaintiff has filed no pleading specifically directed to this paragraph of the answer, but inasmuch as its motion for the inspection of books and documents bring into issue the validity of this defense I consider it proper to rule upon it at the present time. The facts pleaded fail to draw a distinction between executory contracts and executed contracts. Although the plea of ultra vires may be a valid defense to a contract which is executory, yet it appears well settled that it is not available to a corporation when the other party to the contract has completely carried out its obligations and the corporation pleading ultra vires has received the benefit of the contract. Walker v. City of Richmond, 173 Ky. 26, 189 S.W. 1122, Ann.Cas.1918E, 1084; Liberty Coal Mining Company v. Frankel Coal Company, 206 Ky. 647, 268 S.W. 280. Accordingly, I am of the opinion that Paragraph 3 of the answer does not constitute as a matter of law any defense to the cause of action set up by the complaint.

Plaintiff apparently assumes that a right to inspect the books of the defendant is provided by the terms of its contract with the defendant, as the prayer of its complaint seeks this relief and its present motion is for judgment on this demand of its pleadings. Defendant contends that the contract gives the plaintiff no such right, which contention is well taken. There is nothing in the wording of the contract giving the plaintiff the right to inspect the books of the defendant company at any time or at any intervals. Whether or not such a right is given by implication appears unnecessary to decide in that the right to such a remedy is now provided by Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Plaintiff's motion is accordingly treated as a motion made pursuant to the provisions of that rule. Defendant objects to the motion because (1) no supporting affidavit is filed showing materiality of the records sought which it claims is required in order to show "good cause" as required by the rule; (2) that it is not alleged or shown that the books and documents sought to be inspected are in the possession of the defendant, and (3) that the books and documents are not designated as required by

the rule. Rule 34 does not require that "good cause therefor" be shown by affidavit. It is suggested in Thomas French & Sons v. Carleton Venetian Blind Co., D.C.E.D.N.Y., 30 F.Supp. 903, that a showing by affidavit of good cause and admissibility should be made. No doubt an affidavit should be required if good cause and materiality does not appear in some other way but when such matters definitely appear on the face of the record and the pertinent allegations of the complaint are not denied it would appear entirely unnecessary to prove by affidavit what is already admitted by both sides. See Beler v. Savarona Ship Corp., D.C.E.D.N.Y., 26 F.Supp. 599. It may develop that certain books and documents which the plaintiff seeks to inspect because it believes them to be material to the issue do not contain matter which proves material to the issue. If such is the case plaintiff is not entitled to such inspection. Such a materiality must necessarily be decided by an inspection of the particular book or document involved, since materiality is an essential condition precedent. Accordingly, if plaintiff and defendant can not agree that certain of the books and documents designated are material or are not material, such books and documents should be first inspected by the Court. See United States v. Aluminum Company, D.C.S.D.N.Y., 26 F.Supp. 711.

Plaintiff's motion does not state that the records referred to are in the possession of the defendant. If they are not in its possession the motion should be overruled as possession, custody or control by the other party is an essential requirement under Rule 34. It is to be fairly assumed, however, that the books and records pertaining to the defendant's business are in the defendant's control. In the usual course of events the defendant would either have actual physical possession of its own records or would be in a position to obtain them from someone who has temporary custody of them with the defendant's permission. Such control, without actual possession, is sufficient. Monks v. Hurley, D.C.Mass., 28 F.Supp. 600. In its opposition to the motion the defendant does not deny that the records are in its possession or control, as it would have a right to do in the hearing upon the motion. Under such circumstances the granting of the motion is authorized but should be worded so as to apply to such designated records as are in the possession, custody or control of the defendant. Such a ruling can in no wise prejudice the defendant and enables the matter to be disposed of without further delay.

It appears to be generally conceded that Rule 34 was never intended to revolutionize the practice by allowing fishing excursions into the records of an opposing party. Welty v. Clute, D.C.W.D. N.Y., 29 F.Supp. 2; Thomas French & Sons v. Carleton Venetian Blind Co., supra. The rule requires that such books and documents be designated, but this does not mean that any particular language be used, or that the name of the book or document be given with minute accuracy. Designated documents are those which can be identified with some reasonable degree of particularity so as to be able to pick them out from a promiscuous mass of documents in the possession of the other party. Kenealy v. Texas Co., D.C.S.D.N.Y., 29 F.Supp. 502. The motion of the plaintiff does not designate the particular names of the books and records which it desires to inspect, but it is directed and confined to the inspection of "original records and other relevant data showing the cost to the defendant of labor at the dock of the defendant's Louisville Terminal from January 1, 1937 through August 1, 1939." That particular information is very pertinent to the issue in this case and is no doubt contained in some book or some record kept by the defendant. It is more the purpose of the rule that definite matters which are material and about which information is desired be designated rather than certain books be designated which may or may not contain the information desired. It may be impossible for the plaintiff to know in just what book or what ledger this information is contained but certainly the defendant knows and with that information in mind the defendant knows exactly which books or records it is supposed to produce and which ones it is not required to produce. The motion contains no element of a roving excursion or a fishing trip through the records of the defendant generally. It is not defective for lack of being definite.

The plaintiff's motion to examine defendant's records as designated is sustained. Counsel will draft appropriate order specifying time and place and manner of discovery and containing the provisions referred to in this memorandum.